```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

DEREK SINCERE BLACK WOLF CRYER,    )
     Plaintiff,                    )
                                   )
          V.                       ) CIVIL ACTON NO. 10-11346-PBS
                                   )
UMASS MEDICAL CORRECTIONAL HEALTH, )
ET AL.,                            )
     Defendants.                   )
```

                        MEMORANDUM AND ORDER
                          January 19, 2011

SARIS, D.J.

## I.  INTRODUCTION

On July 22, 2010, plaintiff Derek Sincere Black Wolf Cryer ("Cryer"), a prisoner at the Sousa-Baranowski Correctional Center, filed this civil rights action under, *inter alia*, 42 U.S.C. § 1983 alleging deliberate indifference to a serious medical need (*i.e.*, a skin condition known as Tenia Versicolor) by nine defendants, including UMass Medical Correctional Health ("UMCH"), its medical personnel, various prison administrators, and others.

On August 30, 2010, this Court issued a Memorandum and Order (Docket No. 5) directing the issuance of summonses as to defendants Terre K. Marshall, Dyana Nickl, Russell Phelps, Marlene Dodge, Angela D'Antonio, and Lynn Saroa, but directed Cryer to demonstrate good cause why his claims against defendants Superintendent Thomas Dickhaut, UMCH, Mr. Thompson, and Pamela O'Dell should not be dismissed for the reasons stated therein.

Essentially, this Court noted the lack of *respondeat*

*superior* liability as to the supervisory defendants (Dickhaut and UMCH) with respect to claims under 42 U.S.C. § 1983, and the failure to allege any factual basis for a claim based on the failure to intervene with respect to his medical care.[1] Additionally, this Court noted the failure to state claims against defendants Thompson and O'Dell based on the mere denial of administrative grievances.

On November 22, 2010, Cryer filed a pleading entitled: "Plaintiff's Motion Showing Cause and Request [for] Summons Against Defendants Dickhaut, O'Dell and UMCH" (Docket No. 11). The pleading is not organized or entirely coherent in. From what can be culled out, Cryer cites general propositions of law with respect to deliberate indifference to a serious medical need, and contends that he has demonstrated that he has met the legal standards by alleging that he has a chronic disease and suffered substantial pain and scarring as a result of his untreated medical condition. Additionally, Cryer sets forth the Massachusetts Department of Correction grievance process. Finally, he alleges that the defendants failed to intervene to take corrective action. Specifically, Cryer alleges that the denial of "access" to a medical doctor or dermatologist (and later the denial of treatment) constituted deliberate

---

[1] This Court declined to exercise supplemental jurisdiction over any state law claims where no federal civil rights claim existed.

2

indifference by these defendants. He alleges that each defendant was "aware" of his medical condition and his requests for treatment, but chose to disregard the substantial risk of harm to him.

## II. DISCUSSION

Without evaluating the merits of Cryer's claim, the Court will permit his claims (construed as the failure to intervene) to proceed as to defendant Dickhaut, O'Dell, and UMCH only, notwithstanding the lack of underlying factual support for the claims.[2] If appropriate, the defendants may file a Motion for a More Definite Statement in accordance with Rule 12(e) of the Federal Rules of Civil Procedure, or some other motion.

However, with respect to defendant Thompson, this Court will not permit those claims to proceed at this time. Cryer apparently has not sought to pursue his claims against defendant Thompson, and his motion does not request the issuance of summonses as to that individual. Moreover, Cryer's show cause response does not present any factual basis for a claim specifically asserted against defendant Thompson. Accordingly, all of Cryer's claims against defendant Thompson are DISMISSED

---

[2]Apart from a general allegation that he made requests for medical attention, that were not honored or not honored in a timely fashion, Cryer sets forth no underlying facts (*i.e.*, the who, what, when, where, why or how) information.

without prejudice.[3]

Because Cryer is proceeding *in forma pauperis*, the Court will direct the clerk issue summonses as to defendants Dickhaut, O'Dell, and UMCH, and the United States Marshal Service to effect service of process as directed by Cryer.

### III. CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. The Clerk shall issue summonses only as to defendants: (1) Thomas Dickhaut; (2) Pamela O'Dell; and (3) UMass Medical Correction Health;

2. The Clerk shall send the summonses, Complaint, and this Order to Cryer, who must thereafter serve the defendants Thomas Dickhaut, Pamela O'Dell, and UMass Medical Correctional Health in accordance with Federal Rule of Civil Procedure 4(m). Cryer may elect to have service made by the United States Marshal Service. If directed by Cryer to do so, the United States Marshal Service shall serve the summonses, Complaint, and this Order upon the defendants, in the manner directed by Cryer, with all costs of service to be advanced by the United States. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, Cryer shall have 120 days from the date of this Order to complete service; and

3. All of Cryer's claims against defendant Thompson are <u>DISMISSED</u> without prejudice.

SO ORDERED.

/s/ Patti B. Saris
UNITED STATES DISTRICT JUDGE

---

[3] The dismissal of claims against Thompson is not intended as separate and final judgments as to this defendant. The Court declines to exercise supplemental jurisdiction over any state law claims asserted against this defendant.