```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS


DEREK SINCERE BLACK WOLF CRYER,    )
     Plaintiff,                    )
                                   )
          V.                       )  CIVIL ACTON NO. 10-11346-PBS
                                   )
UMASS MEDICAL CORRECTIONAL HEALTH, )
ET AL.,                            )
     Defendants.                   )
```

                    MEMORANDUM AND ORDER
                    <u>RE: LETTER (Docket No. 21)</u>
                         March 7, 2011

SARIS, D.J.

## I.   INTRODUCTION

On December 22, 2011, this Court entered an Electronic Order granting plaintiff Cryer's ("Cryer") Motion to Amend Complaint,[1] noting that summonses had previously issued in this Court, but if Cryer sought the re-issuance of summonses for service by the United States Marshal, he could request the Clerk re-issue summonses as needed.

Thereafter, possibly unaware of this Court's ruling, Cryer submitted a letter to the Clerk enclosing the original summonses and copy of the Complaint.  <u>See</u> Docket No. 21.  Cryer stated the

---

[1]Cryer's amended complaint added two paragraphs to his original Complaint regarding his administrative grievance and appeal with respect to his request for access to a dermatologist and medical doctor.  He alleges that defendants Dickhaut and O'Dell denied his grievance and appeal.  Further, Cryer's amended complaint revised ¶ 22 to note that pictures were taken by prison staff and defendant Dickhaut failed to act.  Finally, Cryer's amended complaint sought a declaration that he is entitled to Sween Cream Treatment once prescribed.

United States Marshal was unable to effect service on several of the defendants (*i.e.*, defendants Phelps, Marshall and Nickl) because the defendants were: (1) no longer employed at the Souza Baranowski Correctional Center ("SBCC"); (2) retired; or (3) there was no record of defendant's employment at SBCC.

## II. DISCUSSION

A. <u>Depositing Papers With the Court is Not Proper Service</u>

While not entirely clear, it appears that Cryer has submitted this package of materials seeking to effect service of process by depositing the original summonses with the Clerk of Court since there is no known address of certain defendants. Cryer cites to Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure providing that "a paper is served under [Rule 5] by: ... (D) leaving it with the court clerk if the person has no known address." Fed. R. Civ. P. 5(b)(2)(D).

To the extent that Cryer considers that proper service of process has been effected on the defendants in this fashion, this belief is misplaced, and this Court will not deem that proper service of process has been effected. The issue hinges on the interplay between Rules 4 and 5 of the Federal Rules of Civil Procedure. Rule 4 of the Federal Rules of Civil Procedure governs the procedures to be followed with respect to effecting proper service of process of a complaint. Rule 5, however, provides for service and filing of pleadings and other papers

2

(such as discovery papers, notices, motions, appearances, offer of judgment, or other similar papers) _after_ service of a complaint.  At first blush, it would appear that Cryer's amended complaint, as, perhaps technically, a "pleading subsequent to the original complaint," seemingly would fall within the purview of the service provisions of Rule 5 rather than Rule 4; however, the mere fact that an amended complaint has been filed chronologically after the original complaint does not end the inquiry.

In addressing the issue whether service may be made under Rule 5 as opposed to Rule 4, a number of courts have focussed on whether or not a defendant has had notice of the claims and whether he/she appeared in the case.[2]  Generally, service of process of an _amended_ complaint can only be accomplished under Rule 5 where: (1) the original complaint was properly served; and

---

[2] See generally Kruska v. Perverted Justice Foundation Inc., 2010 WL 3156089, *5 (D. Ariz. 2010)(noting the theory of Rule 5 is that, following an appearance, service on any attorney will expedite adjudication of the merits of a case, and, concomitantly, will provide sufficient notice to a party that satisfies due process requirements); Dameron Hospital Ass'n v. Premera Blue Cross, 2009 WL 2982886 (E.D. Cal. 2009)(service of a "second" amended complaint under Rule 5 was sufficient because the defendant had been personally served with the amended complaint).  See also Wheeler v. FDL, Inc., 2004 WL 2348298, *2 (D. Kan. 2004)(noting that plaintiff's faxed copy of the first and second amended complaints to an added defendant pursuant to Fed. R. Civ. P. 5 did not meet the requirements for service of the complaint as set forth in Fed. R. Civ. P. 4).

3

(2) the defendants have appeared.³  See Employee Painters' Trust v. Ethan Enterprises, Inc., 480 F.3d 993, 995-96 (9th Cir. 2007)("[A]n amended complaint can often be served in the same manner as any other pleading if the original complaint is properly served and the defendants appeared in the first instance.")(underline added).⁴

Without belaboring the matter, where service of process of the original complaint has not been effected properly, Cryer may not use Rule 5 to effect service of process of an amended complaint as a means to circumvent Rule 4's requirements concerning service.⁵  To hold otherwise would eviscerate the

---

³There are some differences to this general proposition where there has been a default of a party and the amended complaint does not add new claims, but the cases addressing these issues are not germane to the matter before this Court.

⁴In Employee Painters' Trust, the United States Court of Appeals for the Ninth Circuit discussed the interplay between Rules 4 and 5 with respect to service.  While holding that an amended complaint qualifies as a "pleading subsequent to the original complaint," (thus invoking the service provisions of Rule 5 instead of Rule 4), the Court noted that "... there are circumstances in which amended complaints must be served pursuant to Rule 4."  Id. at 999.  Other courts appear to have taken the view that an amended complaint is a subsequent pleading only when it has been served.  See Blair v. City of Worcester, 522 F.3d 105, 108 (1st Cir. 2008)(stating "it is doubtful that an unserved amended complaint in fact superseded the original complaint" citing Annunciation v. West Capital Financial Services. Corp, 97 F.3d 1458, 1996 WL 534049, *2 (9th Cir. 1996), and International Controls Corp. v. Vesco, 556 F.2d 665, 669 (2d 1977)).

⁵See Amor v. Arizona, 2010 WL 960379 (D. Ariz. 2010)("Rule 4 ... governs service of the Complaint (and amendments thereto), while Rule 5 ... governs service of other documents."); Kohus v. Ohio State Highway Patrol, 2009 WL 6808780, *3 (S.D. Ohio

detailed requirements under Rule 4 for noticing defendants of claims against them.

B.   The Court Will Not Direct Clerk's Office To Effect Service

Next, to the extent that this Court construes Cryer's pleading (Docket No. 21) as a request for an Order directing the Clerk's Office to effect service on the defendants whose address is unknown, the request is DENIED.  First, the Clerk's Office staff work solely for the District Court, and may not perform investigative or legal services on behalf of a litigant, *pro se* or otherwise.  The fact that Cryer is unable to determine the whereabouts of former prison employees is insufficient to put the onus for effecting service of the defendants on the District Court.  Further, there is no reason to assume that the Clerk's Office is better qualified in discovering the defendants' whereabouts in order to arrange for service of process to be effected.  Finally, it would be a drain on the judicial resources of the Court, as well as taxpayer monies, to have the Clerk's Office act as an investigator on behalf of Cryer rather than to concentrate its efforts in furthering the business of the Court.

Finally, Cryer has not shown that there is no other way to effect service of process on former employees of the

---

2009)(where defendant was never properly served with the original complaint, the Court never acquired jurisdiction over defendant and thus service of an amended complaint under Rule 5 was improper).

5

Massachusetts Department of Correction ("DOC"). Rather, it appears that Cryer should be able to effect service on Superintendent Dickhaut or another defendant currently associated with the DOC. Upon receipt of a responsive pleading and entry of an appearance by defense counsel, Cryer may seek to obtain discovery as to the unserved defendants' whereabouts, or seek to obtain a waiver of service.[6]

C.  Re-Issuance of Summonses

In order to facilitate Cryer's attempts to effect service of process on the defendants, the Clerk shall re-issue summonses as to defendants (Dickhaut, O'Dell, UMass Medical Correctional, Angela D'Antonio, Marlene Dodge, Terre K. Marshall, Dyana Nickl, Russell Phelps, and Lynn Saroa) and send these to Cryer along with USM 285 forms and a copy of the Complaint and Amended Complaint.

D.  Request for Status Report By Defense Counsel

Finally, notwithstanding that summonses have not issued and the defendants have not been served, this Court is troubled by the allegations contained in Cryer's pleadings with respect to medical care, and therefore requests that defense counsel for the DOC or its officials provide, <u>within 14 days of the date of this</u>

---

[6]Should the DOC refuse to disclose to Cryer known information in this regard, Cryer may seek an Order for disclosure of such information *in camera* under seal to the Court, for the purpose of arranging service by the United States Marshal of former DOC employees.

Memorandum, a Status Report addressing generally the allegations of the Cryer with respect to his medical care.[7] The Clerk shall send a copy of this Memorandum and Order to legal counsel at Massachusetts Department of Correction, 70 Franklin Street, Suite 600, Boston, MA 02110, and to the Legal Department, Massachusetts Attorney General's Office, Room 2019, One Ashburton Place, Boston, MA 02108-1698.

### III. CONCLUSION

Based on the above it is hereby Ordered that:

1. Plaintiff's Letter (Docket No. 21) depositing summonses with the Court in accordance with Rule 5, is deemed to be insufficient service of process on the defendants in this action;

2. To the extent the Letter (Docket No. 21) is construed as a request for an Order directing the Clerk's Office to effect service of process on behalf of the plaintiff, it is DENIED;

3. The Clerk shall reissue summonses as to defendants (Dickhaut, O'Dell, UMass Medical Correctional, Angela D'Antonio, Marlene Dodge, Terre K. Marshall, Dyana Nickl, Russell Phelps, and Lynn Saroa); and

4. The Court requests defense counsel provide a Status Report with respect to the plaintiff's medical care, within 14 days.

SO ORDERED.

/s/ Patti B. Saris
UNITED STATES DISTRICT JUDGE

---

[7] In filing the Status Report, defendants are not obligated to disclose confidential or private information, and the Status Report may be filed under seal if appropriate.