UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                              |   |                              |
|----------------------------------------------|---|------------------------------|
| DEREK SINCERE BLACK WOLF CRYER,              | ) |                              |
|     Plaintiff,                                | ) |                              |
|                                              | ) | Civil Action No. 10-11346-PBS |
| v.                                           | ) |                              |
|                                              | ) |                              |
| UMASS MEDICAL CORRECTIONAL HEALTH,           | ) |                              |
| TERRE K. MARSHALL, DYANA NICKL,              | ) |                              |
| RUSSELL PHELPS, MARLENE DODGE,               | ) |                              |
| ANGELA D'ANTONIO, LYNN SAROA,                | ) |                              |
| THOMAS DICKHAUT, and PAMELA O'DELL           | ) |                              |
|     Defendants.                               | ) |                              |

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**
[Docket No. 46]

July 22, 2011

Boal, M.J.

On July 22, 2010, pro se Plaintiff Derek Sincere Black Wolf Cryer ("Cryer") filed a complaint against several defendants in relation to allegedly inadequate medical care he received while incarcerated at the Souza-Baranowski Correctional Center. [Docket No. 1]. Cryer amended his complaint on February 4, 2011. [Docket No. 14]. The clerk reissued summonses on March 8, 2011. [Docket No. 31].

By letter dated March 15, 2011, Cryer contacted Attorney James Bello and requested that he accept service of the amended complaint for UMass Medical Correctional Health, Terre K. Marshall, Russell Phelps, Dyana Nickl, Marlene Dodge, Lynn Saroa, and Angela D'Antonio ("UMCH defendants"). Plaintiff's Motion for Default Judgment ("Plaintiff's Motion"), Ex. A;

1

Defendant's Opposition to Plaintiff's Motion for Default and Motion for Brief Extension of Time fo File a Responsive Pleading ("Def's Opp."), p. 2 [Docket No. 47]. Counsel agreed to accept service for all of the UMCH defendants except for Terre K. Marshall. Plaintiff's Motion, Ex. B; Def's Opp., p. 2. On March 28, 2011, Cryer mailed waiver of service forms to UMCH counsel and sent a letter inquiring as to their status on May 18, 2011. Plaintiff's Motion, Exs. C, D.

On June 24, 2011, Cryer moved for a default judgment against Defendants UMass Medical Correctional Health, Dyana Nickl and Russell Phelps, asserting that they had not returned the waiver of service forms or filed a responsive pleading.[1] [Docket No. 46]. On June 27, 2011, counsel for the UMCH defendants opposed the motion and admitted that although he had agreed to accept service, he had neglected to return the waiver of service forms to Cryer until that day. Def's Opp., p. 2; Ex. A. Counsel for the UMCH defendants requested until July 11, 2011 to file a responsive pleading. On the same day UMCH filed a motion to dismiss and Dyana Nickl and Russell Phelps answered the amended complaint. Id.; Docket Nos. 52-54.

Obtaining a default judgment is a two step process. First, a party must request that the court enter a default after it demonstrates that a defendant has failed to plead or otherwise defend an action. Fed. R. Civ. P. 55(a). Second, a party must apply to the court for a default judgment and, if the request is not for a sum certain, the court will hold a hearing regarding damages. Fed. R. Civ. P. 55(b). Cryer has not filed a motion seeking the entry of a default but instead has filed a motion seeking a default judgment. Because Cryer is proceeding pro se, the Court will

---

[1] Defendants Dodge, Saroa, and D'Antonio answered the amended complaint as well as moved to dismiss. [Docket Nos. 27, 49-51].

construe his motion liberally and view it as a motion for both an entry of a default and a default judgment. Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1991)

Counsel for the UMCH defendants has admitted that the filings were untimely. However, this Court "will not go through formal entry of default in a case when it is apparent that in the exercise of its discretion the default will be set aside on a motion." Brown v. Weschler, 135 F. Supp. 622, 624 (D.D.C. 1955). Such is the case here. Pursuant to Fed. R. Civ. P. 55(c), a court may set aside an entry of default for "good cause." When determining whether good cause exists, a court considers the extent of the defendant's fault, the prejudice to the plaintiff, the amount of money involved, whether a meritorious defense exists to the lawsuit, and the timing of the motion. Conetta v. Nat'l Hair Care Centers, 236 F.3d 67, 75 (1st Cir. 2001).

Counsel for the UMCH defendants will be able to establish that there is good cause to remove a default. The defendants at issue filed responsive pleadings shortly after they were due. The pleadings contain meritorious defenses to the lawsuit. Cryer has not demonstrated that he will be unduly prejudiced by the allowance of these filings. Accordingly, I recommend that Cryer's Motion for Default Judgement be DENIED.

## REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b). The parties are further advised

that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Phinney v. Wentworth Douglas Hospital,199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

                                                /s/ Jennifer C. Boal
                                                JENNIFER C. BOAL
                                                United States Magistrate Judge